UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

DOCKET NO. 5:05CR216

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | **PRELIMINARY ORDER** |
| v. | ) | **OF FORFEITURE** |
| | ) | |
| ROBERT LAMONT MADDOX | ) | |

In the Bill of Indictment in this case, the United States sought forfeiture of property of the defendant as property that was used or intended to be used to facilitate the drug crimes charged, which would be subject to forfeiture under 18 U.S.C. §924(d) and 21 U.S.C. §853(b)(2).

Defendant entered pleas of guilty to Counts One, Two, and Three in the Bill of Indictment; and was adjudged guilty of the offenses charged in those counts. In addition, the government has submitted an affidavit of Special Agent Darren Solomon, Bureau of ATFE, to establish the nexus between defendant's crimes and the specific property described below. Both defendant's pleas to Counts Two and Three and the affidavit establish defendant's possessory interest in the subject property, consisting of a firearm and ammunition.

It is therefore ORDERED:

1. Based upon defendant's plea of guilty, the United States is authorized to seize the following property belonging to defendant, and it is hereby forfeited to the United States for disposition according to law, subject to the provisions of 21 U.S.C. §853(n):

**Ammunition, that is, 9mm bullets, seized on or about February 21, 2005, from a motor vehicle operated by defendant in Statesville, North Carolina;**

**One pistol, Smith and Wesson Model 6906 9mm, serial number TEC-6439.**

2. Pursuant to 21 U.S.C. §853(n)(1), the government shall publish in a newspaper of general circulation, notice of this order; notice of its intent to dispose of the property in such manner as the Attorney General may direct; and notice that any person, other than the defendant, having or claiming a legal interest in any of the above-listed forfeited property must file a petition with the Court within thirty days of the final publication of notice or of receipt of actual notice, whichever is earlier. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in each of the forfeited properties and any additional facts supporting the petitioner's claim and the relief sought. The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in property that is the subject of this order of forfeiture, as a substitute for published notice as to those persons so notified.

3. Upon adjudication of all third-party interests, this Court will enter a final order and judgment of forfeiture pursuant to 21 U.S.C. §853(n).

**SO ORDERED**.

Signed: April 16, 2007

*Carl Horn, III*

Carl Horn, III
United States Magistrate Judge